GATES IRON WORKS v. FRASER et al.[1]

(Circuit Court of Appeals, Seventh Circuit. January 16, 1893.)

No. 31.

PATENTS FOR INVENTIONS— INFRINGEMENT—ORE CRUSHER.

The first claim of reissue patent No. 3,633, granted to J. W. Rutter, September 7, 1868, for an ore mill, covers "the cone, B, on the arbor, D, when sustained and operated in such manner as to swing in a conical orbit around the axis of its surrounding cylinder, without rotating around said arbor, substantially as set forth." *Held*, that the essence of this invention consists in making the cone fixed, so as not to revolve on its own axis or arbor, but to swing in a conical orbit without turning, and so produce a grinding or rubbing action; and this claim is not infringed by a machine having a similar cone which revolves on its own axis.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Suit by David R. Fraser, Thomas Chalmers, and Hiram L. Scoville against the Gates Iron Works to restrain the alleged infringement of a patent. Complainants obtained a decree. Defendant appeals. Reversed.

The patent in suit contained the following claims:

"(1) The cone, B, on the arbor, D, when sustained and operated in such manner as to swing in a conical orbit around the axis of its surrounding cylinder, without rotating around said arbor, substantially as set forth. (2) The gauge ring, C, arranged and operating in combination with the cylinder A, and crusher or grinder, B, substantially as and for the purposes herein set forth. (3) The combination with the gauge ring, C, and cylinder, A, of the stripper or clearer, j, substantially as and for the purposes herein set forth."

Coburn & Thacher, for appellant.
Bond, Adams & Pickard, for appellees.

Before WOODS, Circuit Judge, and JENKINS and BUNN, District Judges.

BUNN, District Judge. This is a suit in equity brought by the appellees against the Gates Iron Works for the infringement of reissue letters patent No. 3,633, to J. W. Rutter, September 7, 1868, for an ore mill. The original patent, No. 88,216, was issued to Rutter on March 23, 1869. There was a finding sustaining the complainants' patent and claim for infringement, and, the case being referred to a master to take testimony as to the damages, a report was made, and a decree entered in favor of the complainants on October 9, 1891, for the sum of $29,734.04. A great number of exceptions were taken to the decree, and an appeal was prayed and allowed. We have not found it necessary to consider all of the assignments of error in the finding and decree of the court. The second one assigned is as follows:

"(2) The court erred in construing said first claim to be for a cone that rotates around its arbor on its own axis, when the claim expressly states that it does not rotate around said arbor, and the specification states that it does not rotate on its own axis."

[1] Rehearing pending.

We think this assignment of error is fully sustained by the record and proofs, and that the decree of the court below must be reversed.

The complainants' patent is for an ore mill, the purpose of the machine being to crush and grind ore or stone. The patentee states in his specifications that he has invented a new and improved crushing and grinding machine, and that the invention relates to that class of crushing and grinding machines in which a conical grinder or crusher, with concentric and eccentric bearings, is operated within a stationary upright cylinder or chamber, or in which the crushing chamber is made conical, and the crusher straight. This class of machines is aptly described in the brief for appellant as follows:

"This type of machine for crushing ore is known as the 'gyrating type,' from the fact that one end of the vertical shaft rests on the bearing, concentric with a line drawn through the center of a surrounding case, which incloses a vertical cone that is carried on tne shaft of the machine, while the other end of the shaft or arbor is placed in a bearing eccentric to this line. The eccentric end of this vertical shaft or arbor, which carries the vertical crushing cone, is placed in a revolving wheel, so that when that wheel is revolved one end of the crushing cone is carried around in a circle within the inclosing case, approaching the inclosing case as it is carried around the circle, the opposite side of the crushing cone receding from the inclosing case; thus crushing the stone between the crushing cone and the case, and allowing the crushed stone to fall out at the bottom of the machine. In this type of gyrating machines, the crushing cone or the shaft or arbor was left free to rotate on its own axis, as a wagon wheel rotates on its axle, or the axle revolves with a wheel, like car axles, on its bearings, so that, when the crushing cone was carried around with the outside case or cylinder, it would roll against the stone, and impinge it between the crushing cone and the case, cracking it and breaking it into fine pieces, just the same as a wagon wheel rolls upon the gravel or stone in the street when the wheel is left free to revolve on its own axis in addition to its being moved around. If the arbor of the crushing cone be made rigid in its bearings, and the cone be rigidly attached to the shaft or arbor, then the crushing cone, when gyrating or carried around the circle within the case or cylinder of the machine, would crush and grind the stone by rubbing rigidly against it as it was squeezed between the surface of the cone and the inclosing case, the same as a wagon wheel would operate if chained so as not to revolve on its own axis."

The evidence shows that the defendant is engaged in the manufacture of a crushing machine as above described, in which the crushing cone is left free to rotate on its own axis. These machines they manufacture under previous patents which they own, and particularly under a patent known as the "Pearce Patent," and another known as the "Wood Patent." The Pearce patent is very similar in its action to the Rutter patent, if the latter is what it is claimed to be by the complainants, except that it did not have its crushing cone suspended by a ball and socket at the top. The Wood patent had a gyrating cone which rotated on its arbor, while the Pearce patent had a gyrating crushing cone rigid on the shaft or arbor, but rotating on its own axis, and producing the same effect. Neither of them rubbed or ground, but both crushed. Now, the question turns upon the proper construction of the Rutter patent, under which the complainants claim. Does that describe such a machine as the defendant is manufacturing, or

was it the other kind, where the crushing cone simply swings around in the cylinder without rotating on its axis? In the judgment of this court, the court below erred in giving the patent in suit the first-named construction, instead of the latter. The appellees, or complainants below, never made or claimed any such invention as is given them by the judgment of the court. All Rutter claimed in his original patent was: (1) The gauge ring, C, arranged and operating in combination with the cylinder, A, and crusher or grinder, B; (2) the combination with the guage ring and cylinder of the stripper. There is no suggestion in that patent of any claim to the invention he now relies upon. In that patent he says the crusher, B, as represented in the drawing, does not rotate upon its axis, but in some cases may be made to do so, and he claims no invention or improvement of this character. In the reissue he claims all he had claimed in his first patent, and in addition thereto another claim, named in the patent as "No. 1," to wit, the cone, B, on the arbor, D, when sustained and operated in such a manner as to swing in a conical orbit around the axis of its surrounding cylinder, without rotating around said arbor. And in several places in his patent he makes it very plain that his additional claim to invention consists in making his cone fixed in such a manner as not to revolve on its axis or arbor, but to swing in a conical orbit, and so produce a grinding or rubbing action. He says his invention consists in a universal or ball and socket support above the cylinder, from which the cone is suspended on an oscillating arbor, rigidly connected with a rotating eccentric box carrying its lower extremity, and which is fitted in the hub of a horizontal gear wheel, so as to rotate in an annular conical orbit, within said gear wheel, but having no rotation on its own axis, whereby a grinding or rubbing action, as well as a crushing effect, is produced, instead of a crushing action only, as in similar machines wherein the cone rotates around its own axis. Again, he says B is a crusher and grinder of conical or tapering form, and secured to an oscillating arbor suspended, etc., and is made to swing in a conical orbit around the axis of the cylinder. It would seem as though the patent were not open to any doubt in its meaning, because the patentee has made himself clear in so many places that his invention in the reissue consists in making his cone fixed, so that it will swing in the cylinder, but not revolve on its axis, as he admits former machines of the kind did.

But the court has given him an invention which he did not claim, and just the reverse of what he did claim. The court has given him credit for inventing a crusher with a cone revolving in a cylinder on its own axis or arbor. If this was his invention, it was not new, as appears from the other patents named. Nor did his invention consist in attaching his power at the lower end of the shaft, as the court suggests. He makes no such claim, and, if he did, there could be no invention in attaching the power at one end or the other. All he says about the power is that the motion is imparted to the shaft by any suitable application of power. If the prior state of the art showed that the power was applied only at the upper end

of the shaft, the change would be a merely mechanical one, not involving invention. But the evidence shows, clearly, not only that Rutter made no such claim, but that in the prior machines of the kind it was as much the habit to apply the power to the bottom as to the top of the shaft. For instance, in the R. Vose patent for an ore mill, issued December 4, 1885, the power was applied at the lower end of the shaft, in the same manner as in the Rutter patent. It is difficult to perceive upon what ground the judgment of the court can be maintained. When counsel is asked to point out the parts in the Rutter patent invented by him which the defendant infringes, he is forced to resort to the claim that Rutter was the first to produce a good, practical machine for crushing, and that his patent is fundamental. But Rutter himself makes no such claim, either in his original patent or in the reissue. He is no pioneer in the art, and his claim is very limited. It is not pretended that the defendant, in his machine, uses either of the two little improvements, if they can be called such, set out as the invention under the first patent. The defendant has never used either the gauge ring of the Rutter first claim, or the stripper or clearer of his second claim, and these are all there was of the original patent. If the additional claim made in the reissue is what we suppose it to be, and what Rutter over and over describes it to be, then the defendant has not infringed, as it is not claimed that he has ever used the cone, B, on the arbor, D, as described in the patent, sustained in such a manner as to swing in a conical orbit around the axis of its surrounding cylinder, without rotating around the arbor. On the contrary, the defendant is making machines with a similar cone, which revolves on its axis, producing altogether a crushing, rather than a grinding or rubbing, effect, as well as a crushing, which it was the aim of the Rutter machine to accomplish, by making the cone rigid, so that it would swing around in the conical orbit, but not revolve on its axis. If there is any meaning to language, this is what Rutter's additional claim in the reissue patent means. There is no transposition of pauses, or correction in the punctuation, that can read anything different into the claim, and the effort that was made in that direction seems to us unwarrantable. It is manifestly inadmissible to make any change in the punctuation, or in the position of words, as the court below did, whereby the cone in the Rutter patent shall be made to rotate upon its axis. The door to any such construction is closed in too many ways and places; and, even if it could be allowed, the patent, in this respect, would show no invention over the prior art. Rutter himself, in his claim for a patent, admits this, by distinctly recognizing the existence of machines with this same crushing cone rotating in a cylinder around its own axis, producing a crushing action only.

Granting that, as the court below concluded, the description should be read, "the crushing cone is rigidly suspended on an oscillating arbor connecting with a rotating eccentric box," etc., the result would be that the cone and arbor would become practically one piece, having one and the same axis; and if the cone could not revolve around its axis, as it is explicitly said it cannot, neither can

the arbor upon which the cone is carried. And it follows that if the lower end of the arbor, as suggested by counsel, is fastened rigidly to the eccentric box, then that box, the arbor, and the cone become one piece, and the box must be fastened in the wheel hub, else the box, arbor, and cone will all revolve together around a common axis, and that, as we have seen, is not allowable in respect to the cone. This conclusion is fortified by the diagrams, especially Fig. 2, which shows a horizontal section through the base of the machine, and which, by what it shows, could not be "near the base of the cone," as shown in Fig. 1. But more conclusive still is the statement in the patent that "in this arrangement the crusher, B, does not rotate on its axis," and, again, in the claim "that the cone is operated without rotating around said arbor." Not rotating either around its axis or arbor, no other rotation is possible.

 

Rutter's scheme, whether it was an improvement or not, was to make the cone fixed at one end in an eccentric, and fastened in such a manner to the gearing that it would not rotate. The previous patents show clearly that what is now claimed for the Rutter reissue was already invented and in use. There was nothing new in having a conical shaped crushing iron cone revolving in a cylinder with concentric and eccentric connections, so as by its action to crush stone or ore, or whatever was put into it. Rutter saw this, and admits it, and his purpose seems to be to avoid the objection of a want of novelty by limiting himself to a rigid connection of his crushing cone axis to his drive wheel, so as to secure the two operations of grinding and crushing. It is evident that in his machine it was intended to cause the arbor and driving gear to move together, so as to cause the iron cone to swing around in the cylinder, instead of revolving on its axis. In both the original patent and in the reissue, Rutter described, as already in existence, just such a crusher or grinder as his assigns are now claiming that he

himself patented, whereas Rutter was only claiming certain improvements, which improvements are not being used by the defendants. The decree of the circuit court is reversed, with costs.